**John MITCHELL an individual, on behalf of himself and all others similarly situated, Plaintiff-Appellant,**

v.

**MEDTRONIC, INC., a Minnesota Corporation, Defendant-Appellee.**

No. 15-55888

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 10, 2017 Pasadena, California

Filed March 21, 2017

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by Ninth Circuit Rule 36-3.

Michael Lion Tracy, Esquire, Attorney, Law Offices of Michael Tracy, Irvine, CA, for Plaintiff-Appellant

Donald Manwell Falk, Mayer Brown LLP, Palo Alto, CA, Ruth Zadikany, Esquire, Attorney, Mayer Brown LLP, Los Angeles, CA, John Peter Zaimes, Esquire, Mayer Brown LLP, Los Angeles, CA, for Defendant-Appellee

Before: SCHROEDER and MURGUIA, Circuit Judges, and GLEASON,* District Judge.

## MEMORANDUM **

Plaintiff-Appellant John Mitchell appeals the district court's decision to grant Defendant-Appellee Medtronic's motion to dismiss Appellant's claims pertaining to the calculation of overtime under the Fair Labor Standards Act (FLSA). A district court's order granting a motion to dismiss for failure to state a claim is reviewed de novo. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Under the FLSA, overtime is calculated from an employee's regular rate of pay. The "regular rate" under the FLSA means the hourly rate actually paid for the normal, non-overtime work week, *Walling v. Helmerich & Payne*, 323 U.S. 37, 40, 65 S.Ct. 11, 89 L.Ed. 29 (1944), and includes all remunerations paid to the employee, except for those payments exempt under the FLSA. One such exemption is for "extra compensation provided by a premium rate paid for certain hours worked . . . in

excess of the employee's normal working hours." 29 U.S.C. § 207(e)(5). According to the Department of Labor's regulations, premium rates paid "pursuant to the requirements of another applicable statute" fall within the § 207(e)(5) exemption. *See* 29 C.F.R. § 778.202(d).

Medtronic's meal payments to its California employees were fully consistent with the payments mandated by California Labor Code § 226.7(c). Because Medtronic's meal payments were made pursuant to the statutory requirement of Cal. Lab. Code § 226.7(c), they were properly excluded from the calculation of Medtronic's California employees' regular rate of pay.

**AFFIRMED.**

---

* The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.